## McSWEAN *vs.* FAULKS ET AL.

[APPEAL FROM ORDER DECLARING NULL AND VOID AND SETTING ASIDE SALE OF DECEDENT'S LANDS.]

1. *Order of sale made by probate court in 1861 ; only prima facie good.*—An order for the sale of a decedent's lands, for distribution among his heirs, made by a probate court in this State, in the year 1861, is only *prima facie*, and not conclusive.—*Mosely v. Tuthill*, 45 Ala.

2. *Same, for what causes such sale may be set aside.*—A sale under such an order, made in the year 1863, may be vacated and set aside on motion, founded on the petition of the parties complaining. who are distributees of said estate, made in the court of probate wherein the record of the first order and sale are found, if it appear that such sale has never

been confirmed, and the purchaser at such sale has failed to give the security for the purchase-money required by law, and is dead at the date of said motion.

3. *Subsequent purchaser, what notice charged with.*—A subsequent purchaser who has bought such land from the vendee at such sale, can not claim to occupy the position of an innocent purchaser for valuable consideration without notice. He must be visited with notice of all the facts that his vendor's title would disclose.—42 Ala. 616.

APPEAL from Probate Court of Barbour.
Tried before HON. H. C. RUSSELL.

The facts upon which the case turns are sufficiently stated in the opinion.

PUGH & BAKER, for appellant.—The order of sale was not void as first granted.—*Satcher v. Satcher*, 41 Ala. p. 26.

Did that order lose its validity by the suspension of it? The order was never revoked. Allowing the suspension of the order, as set forth in the record, did not revoke the order, it is a question of authority to sell. The authority being once granted by a valid order, continues until that order is revoked. If that order was ever revoked, how, and when? While the order was *suspended* merely, by the direction of the court, the land was worked for the benefit of the distributees. When the suspension was terminated by the order of the court, and the administrators were directed to execute the first order of sale, the authority to sell was complete.

The first order was made because an equitable division could not be made without a sale. This ground for ordering the sale existing when the first order was granted continued to exist, and there was no necessity for a new petition setting forth a ground which had once been alleged in a petition and proved. If it could not be divided without a sale in 1861, how could such necessity for a sale cease in 1863 or 1864. The probate court acted on the ground once established to give it jurisdiction, and its order was never revoked but *suspended merely*, and there was no necessity for any additional action by the court to authorize a sale.

The order was not to sell for Confederate money. There is no such proof, and the sale was not made for Confederate money. The purchase-money, or a portion of it, may have been paid in Confederate currency, and the balance may still be unpaid. These facts furnish no ground for setting aside and declaring void the order of sale, and sale under it. If the purchasers were to pay now what they bid for the land, they would be entitled to a deed. How are the appellants prejudiced, when the legal title is in them, and can not be divested until the purchase-money is paid.

JERE N. WILLIAMS, *contra.*—1. The probate court may set aside or disregard any order or decree that is not final, whenever the interest of the estate and of the parties concerned requires it.—*Harrison et al. Ex parte,* 7 Ala. 736; *Middleton's adm'r v. Maull's adm'r,* 16 Ala. 479; *Walker v. Mock's adm'r,* 39 Ala. 568.

2. An order by the probate court for the sale of land is not final until the sale is made, reported, and confirmed; and if not final, it may be either set aside by the court or disregarded as if never made.—*Duval's Heirs v. P. and M. Banks et al.,* 10 Ala. 636.

3. In this case an order of sale is granted, but there the representatives of the estate stop. They then petition for and obtain an order to keep the estate together for an indefinite period, not longer than ten years, and under this order the estate is held. Surely this revokes or sets aside the order of sale. The two orders cannot be in legal operation at the same time. One or the other must necessarily be inoperative and void. The probate court has only statutory jurisdiction of proceedings to sell property of estates. No statute authorizes the suspension of one order and at the same time the operation of another directly contrary to the order suspended.

4. Where no specific rule of practice is prescribed for the probate court, the rules of practice in chancery, so far as they are applicable, should be followed.—*King v. Collins' adm'r,* 21 Ala. 363.

5. This sale, if for no other reason, is void because the administrator, not having an interest in the estate, was a purchaser.—*Callaway v. Gilmer*, 36 Ala. 354.

6. Even if the first order of sale is good, the second and that under which the land was sold is void, because the requirements of the statute were not complied with ; and the decree of the court in setting it aside is without error.— *Satcher's Heirs v. Satcher's Adm'r*, 41 Ala.

7. But if either or both the orders of sale are good, and the sale was had without compliance with the requirements of the statutes regulating and controlling the acts and doings of administrators under such orders, then the sale itself is void, and the decree of the court in setting it aside is free from error.

PETERS, J.—This is an order setting aside a sale made by the probate court during the rebellion.

The record shows that Lorenzo Faulks died in the county of Barbour, in this State, in the year 1861, without disposing of his property by will. His widow, Elizabeth L. Faulks, and Thomas C. Parker, administered upon his estate. And in October, 1861, the said representatives of said estate filed their petition in the probate court of said county of Barbour, praying an order for the sale of the real estate of said deceased for distribution among his heirs. This order was granted, and the lands of said deceased directed to be sold on a credit of twelve months. The application for this order of sale seems to contain all the allegations necessary to give the court jurisdiction of the subject matter, and of the parties, as required by the statute. Said order was granted on the 9th day of December, 1861 ; but no sale was made under it until February, 1862, when the sale was made, and reported to the court, but the court refused to confirm it, and the same was vacated.

After this, the said representatives of the estate of said deceased applied to said probate court for an order to keep said estate together for one year, or a period not longer than ten years. This order was also granted. After this,

in December, 1863, the said representatives applied to said court of probate to renew said order of sale of the real estate of said deceased. On this application it was ordered by said probate court that "T. C. Parker and M. L. Faulks, administrators of Lorenzo Faulks, deceased, be allowed now to proceed to make general sales of said estate as heretofore ordered, but which has been suspended for the purpose of making crops," &c. A sale was accordingly made on the 15th day of December, 1863, both of the real and the personal property of said deceased. This sale was duly reported on the 13th day of January, 1864. This sale was not confirmed, but rejected by said court of probate. And after this, it seems that another sale of said lands was made on the 16th day of February, 1864, which was also reported to the court. This last sale was never confirmed, and Parker, the purchaser, has since died.

On the 13th day of February, 1869, the appellees moved in said court of probate, on petition filed, to " declare said orders of sale as to said lands under the same to be null and void, and to vacate and set aside said orders and said sale." On the hearing, "the sale of said land by said administratrix and administrator was declared null and void." It was shown that the appellant, McSwean, had purchased a portion of said land from Parker, who had purchased the same at said sale while he was the co-administrator of said estate. From this order vacating and setting aside said sale McSwean appeals to this court, and here assigns for error—1st, the setting aside said sale ; 2d, the granting the prayer of the petitioners as appears by the record.

The record leaves it uncertain whether the sale was made under the first order of the probate court, granted in 1861, or under the order renewing the said order, in 1863, but it appears that the credit upon which the lands was sold was not a credit of twelve months, as required in the first order of 1861, but only a credit from February 16th, 1864, to the 15th of December, 1864. And it does not appear that Parker ever paid for the land bid off by him, or that bonds with sufficient surety were given for the purchase-money.

Such an order as that first above said, made by a competent court after the adjournment, would be conclusive, but the court would still retain power over the sale. *Duval's Heirs v. P. and M. Bank et al.*, 10 Ala. 636, 653. But this order is not made by such a court, and the court of probate of Barbour county was not bound to confirm it. No action could be had by the lawful jurisdiction at the return of the last sale in 1864. This was a foreign proceeding, and has no conclusive effect.—*Martin v. Hewitt*, 44 Ala. 418. Not only the sale in such a case, but the order may be set aside upon a proper showing in the court of probate.—*Mosely v. Tuthill, McGuire et al.*, 45 Ala. 621. But even without this, the court of probate had authority to vacate the sale, and was bound to do so, when the proper security for the purchase-money has not been given as required by law.—Revised Code, §§ 2091-3, 2221, 2222, 2225, 2228. No one but McSwean complains, or objected to the setting aside the sale. He is a subsequent purchaser from Parker. He was bound to take notice of the title he was buying. He had an opportunity to know all the facts of his title, and if he proceeded regardless of this opportunity, he can not claim to occupy the position of an innocent purchaser without notice.—*Wilson v. Wall*, 34 Ala. 288, 305 ; *Center v. P. and M. Bank*, 22 Ala. 755 ; *McGehee v. Gindrat*, 20 Ala. 101 ; *Johnson v. Thweatt*, 18 Ala. 747 ; *Herbert v. Hanrick*, 16 Ala. 597 ; *Witter v. Dudley*, 42 Ala. 616. The evidence does not show that McSwean purchased for Confederate treasury notes, and if he did, as he paid the price, this could not affect his title.—Ordin. 1867, No. 38, Pamph. Acts 1868, p. 185. He took such title as Parker could convey. This title was inchoate, and subject to be defeated. He therefore has no reason to complain. The sale was properly set aside, and the court was clothed with full jurisdiction of the parties and the subject matter.—Rev. Code, §§ 2093, 2092, 2095 ; Pamph. Acts 1868, p. 187 ; Ordin. No. 40, § 1.

The judgment of the court below is affirmed.